**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

December 6, 2021

To:   All counsel of record

**LETTER OPINION AND ORDER**

RE:   *Farrow v. U.S. Specialty Insurance Co., et al.,*
      **Civil Action No. 20-cv-06588-SDW-LDW**

Dear Counsel:

Before the Court is Plaintiff's unopposed Motion to Approve Distribution of Partial Settlement Proceeds Without a Hearing (ECF No. 67). The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the unopposed motion papers and good cause having been shown, for the reasons set forth herein, the Court hereby **GRANTS** Plaintiff's motion.

*Background*

This wrongful death and survival action arises out of the death of pilot Andrew Topp ("Decedent") in an aircraft accident that occurred in New Jersey on May 2, 2018. (*See* Second Amended Complaint, ECF No. 8). Plaintiff Beth E. Farrow, as Executrix of Decedent's estate, alleges that defendant Columbia Aircraft Services, Inc. ("Columbia") negligently maintained the aircraft. (*See id.*). While litigation continues against other defendants, plaintiff and Columbia have reached a settlement. They now seek approval of a proposed apportionment of the net settlement proceeds between the New Jersey Survival Act, N.J.S.A. 2A:15-3, and the New Jersey Wrongful Death Act, N.J.S.A. 2A:31-4.

The gross settlement with Columbia was for the sum of $175,000. Deducted from this amount are attorney's fees of $58,327.50 and costs of $63,817.07. (ECF No. 67-2, ¶ 8 & Exh. A). The remaining amount for distribution to Decedent's beneficiaries is $52,855.43.

The consent motion proposes that half of this remaining amount be apportioned to Wrongful Death Act damages and half to Survival Act damages. (*Id.* ¶ 30). In accordance with separate agreement of the beneficiaries, who are represented by counsel, the net settlement amount would be distributed under an agreed formula among Decedent's widow, Milandy Topp and her minor child E.T., and Decedent's four adult children, Erica Fischer-Kaslander, Joshua Topp, Zachary Topp, and Linnea Topp-Schmeer. (*See id.* ¶ 12). All proceeds to minor beneficiary E.T. would be placed in an existing irrevocable trust until E.T. reaches the age of 25. (*Id.* ¶ 25).

*Analysis*

The Court's task on this motion is, first, to determine whether the proposed apportionment between the New Jersey Wrongful Death Act and New Jersey Survival Act is appropriate, and second, to ensure fairness of the proposed distribution to Decedent's beneficiaries, especially the minor beneficiary E.T.

With respect to the former, the Court first reviews the damages available under each of the New Jersey statutes at issue. The New Jersey Wrongful Death Act entitles a decedent's beneficiaries to recover damages for pecuniary loss sustained as a result of a decedent's death caused by a wrongful act, neglect, or default. N.J.S.A 2A:31:1. These damages include any financial loss resulting from the death, including the value for the loss of advice and counsel, loss of the parent-child relationship, loss of the martial relationship, loss of inheritance, in addition to hospital, medical, and funeral expenses for the deceased. N.J.S.A. 2A:31-5; *see also May v. West Jersey & S.R. Co.,* 62 N.J.L. 63 (1898) (loss of advice and counsel compensable); *Green v. Bittner,* 85 N.J. 1 (1980) (loss of parent-child relationship compensable); *Dubil v. Labate,* 52 N.J. 255 (1968) (loss of marital relationship compensable); *Weiman v. Ippolito,* 129 N.J. Super. 578 (App. Div. 1974) (loss of inheritance compensable).

The New Jersey Survival Act entitles the administrator of the decedent's estate to recover damages arising from claims that could have been brought by the decedent himself if he had survived the accident, including those for conscious pain and suffering. N.J.S.A. 2A:15-3; *see Ryan v. Public Service Rwy. Co.,* 103 N.J.L. 145 (1926). Settlement proceeds received in an action for damages under both the Wrongful Death and Survival Acts are to be allocated proportionally between those claims. *F.F. v. G.A.D.R.,* 331 N.J. Super. 23, 28 (App. Div. 2000); *Taylor v. Fontenot,* Case No. 05-CV-1911 (JS), 2008 WL 11510026 (D.N.J. Oct. 7, 2008) (apportioning settlement proceeds between Wrongful Death Act damages and Survival Act Damages).

Plaintiff proposes, and all interested parties agree, that the net settlement proceeds should be apportioned equally between Wrongful Death and Survival Act damages. (ECF No. 67-2 ¶ 30). The Court agrees that this is fair and appropriate. An apportionment of damages to the Survival Act is supported by Topp's autopsy report, which demonstrates that he experienced conscious pain and suffering due to smoke inhalation prior to his death. (*Id.* ¶¶ 31-35). Further, an apportionment to the Wrongful Death Act is appropriate because the Decedent's beneficiaries certainly have lost the benefits of their familial relationship with the Decedent. It is equitable that these losses be apportioned equally between the two statutes.

The Court next examines whether the proposed distribution to the Decedent's beneficiaries comports with the Wrongful Death Act's requirement that there be a "fair and equitable apportionment" of the amount recovered among beneficiaries entitled to distribution. N.J.S.A. 2A:31-4. The Court finds that the proposed division of the net settlement proceeds is fair and equitable, and thus approves Plaintiff's distribution proposal. With advice of independent counsel (each of whom has submitted a Certification supporting the proposed distribution), the

Decedent's widow and adult children reached an agreement about the distribution of Decedent's probate assets prior to the commencement of this litigation. (*See* ECF No. 67-2 ¶ 22; ECF 67-4; ECF 67-5). The proposed distribution is in accordance with that agreement. (ECF No. 67-2). Additionally, the settlement proceeds allocated to E.T., the minor-child beneficiary, will be placed in an irrevocable trust, with a neutral and qualified trustee, and thus the minor's share will be safeguarded.[1]

*Order*

Finding that the proposed allocation and distribution of partial settlement proceeds comports with New Jersey law, and no opposition having been filed,

**IT IS HEREBY ORDERED THAT:**

The agreed upon Distribution of Settlement Proceeds is hereby APPROVED as follows:

> Amount of Settlement . . . . . . . . . . . . . . . . . . $175,000.00
> Less Attorneys' Fee . . . . . . . . . . . . . . . . . . . $ 58,327.50
> Less Costs Expended. . . . . . . . . . . . . . . . . . $63,817.07
> **Balance to Beneficiaries . . . . . . . . . . . . . . . $52,855.43**

**IT IS FURTHER ORDERED THAT** for good cause shown, the allocation of settlement proceeds is fifty percent for damages under the New Jersey Wrongful Death Act and fifty percent for damages under the New Jersey Survival Act; and

**IT IS FURTHER ORDERED THAT** distribution is APPROVED as follows:

> **Milandy Topp, for herself and minor E.T . . . . . . $33,034.64**
>   allocated as follows: $16,517.32 Wrongful Death Act; $16,517.32 Survival Act
>
> **Minor Child E.T., held in trust . . . . . . . . . . . . . . . $ 3,964.16**
>   allocated as follows: $1,982.08 Wrongful Death Act; $1,982.08 Survival Act
>
> **Erica Fischer-Kaslander . . . . . . . . . . . . . . . . . . . $ 3,964.15**
>   allocated as follows: $$1,982.08 Wrongful Death Act; $$1,982.07 Survival Act
>
> **Joshua Topp . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,964.16**

---

[1] Where, as here, there is a complete stipulation of the facts presented to the Court, a hearing is not required even when a minor child beneficiary is involved. *See Wolff v. Mercer Medical Ctr.*, 220 N.J. Super. 360, 366 (App. Div. 1987); *Taylor*, 2008 WL 11510026 (approving distribution of wrongful death settlement proceeds to minor without a hearing where there was agreement of all parties). Because all beneficiaries agree to the proposed distribution, and because the Court finds that the minor beneficiary's interests are adequately protected by the placement of his approved share into an irrevocable trust, the Court approves this settlement distribution without a friendly hearing.

3

>   allocated as follows: $1,982.08 Wrongful Death Act; $1,982.08 Survival Act
>
> **Zachary Topp** . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,964.16
>   allocated as follows: $1,982.08 Wrongful Death Act; $1,982.08 Survival Act
>
> **Linnea Topp-Schmeer** . . . . . . . . . . . . . . . . . . . . . . $ 3,964.16
>   allocated as follows: $1,982.08 Wrongful Death Act; $1,982.08 Survival Act
>
> **TOTAL TO BENEFICIARIES: $52,855.43**

IT IS FURTHER ORDERED THAT the Clerk of Court shall terminate the motion at ECF No. 67.

   _s/ Leda Dunn Wettre_
   **Hon. Leda Dunn Wettre**
   **United States Magistrate Judge**

Orig:   Clerk
cc:     Counsel of Record