**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BETH E. FARROW, as executrix of the estate of Andrew Topp, deceased,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY; HCC INSURANCE HOLDINGS, INC.; CRAWFORD & COMPANY,<br><br>*Defendants*. | No. 20-cv-06588 (MEF)(LDW)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

\* \* \*

The Court exercises it discretion, see Chao v. Roy's Constr., Inc., 517 F.3d 180, 188 (3d Cir. 2008), Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974), to deny the motion for a certificate of appealability. See Docket Entry 166.

For such a certificate to issue, there must be, among other things, a "substantial ground for difference of opinion" as to a "controlling question of law." 28 U.S.C. § 1292(b).

But that is not the case here. Courts around the nation, including the Third Circuit, see Williams v. BASF Catalysts LLC, 765 F.3d 306, 322 (3d Cir. 2014), have assumed that this Court's analysis of the key issue here is correct. See Farrow v. U.S. Specialty Ins. Co., 2024 WL 4675079, at *3 (D.N.J. Nov. 4, 2024).

Moreover, the New Jersey Supreme Court's foundational opinion in this area, in Tartaglia v. UBS PaineWebber, Inc., 197 N.J. 81 (2008), makes it clear that this Court's analysis of the issue is correct as a matter of New Jersey law.  See Farrow, 2024 WL 4675079, at *3–*5.

The Insurance Defendants' main argument for a certificate of appealability is a New Jersey intermediate appellate case.  See Insurance Defendants' Brief in Support of Their Motion to Certify at 6.

But that decision, Mukasa v. Ise Farms, Inc., 2007 WL 268252 (App. Div. Feb. 1, 2007), was unpublished.  See N.J. Ct. R. 1:36-3 ("No unpublished opinion shall constitute precedent or be binding upon any court.").  It came down before Tartaglia.  See Farrow, 2024 WL 4675079, at *8.  Its "holding" on the relevant point was not explained.  See id.  And in any event, Mukasa is readily distinguishable from this case.  See id. at *8–*9.

The trial here will not be especially long or complex.  There is no basis to delay it to secure immediate appellate review of a legal question as to which there is not "substantial ground for difference of opinion."

IT IS on this 3rd day of January, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.